UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK J. DETORE, II, | ) |
| Petitioner, | ) CASE NO. C04-1980MJP |
| v. | ) (CR02-443MJP) |
| UNITED STATES OF AMERICA, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner who is currently incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey. Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2003 federal court sentence. Respondent has filed a response opposing petitioner's motion. This Court, having reviewed the submissions of the parties, concludes that petitioner's § 2255 motion should be denied.

BACKGROUND

On June 26, 2003, pursuant to a plea agreement entered into with the government, petitioner pleaded guilty to a charge of conspiracy to distribute marijuana and to a charge of transferring an unlawful silencer. (CR02-443MJP, Dkt. Nos. 236 and 274.) The parties agreed, as a part of the plea disposition, that petitioner would be held accountable for the distribution of between 20 and 40

REPORT AND RECOMMENDATION
PAGE - 1

1  kilograms of marijuana. (CR02-443MJP, Dkt. No. 274 at 5.) The parties also estimated and agreed
2  that the adjusted offense level under the Federal Sentencing Guidelines for petitioner's offenses was a
3  level 24. (*Id*.) Finally, the parties agreed that petitioner would be entitled to a three point reduction
4  for acceptance of responsibility, assuming he cooperated with the U.S. Probation Office, resulting in
5  an adjusted offense level of 21. (*Id*.)

6  It appears from the record of petitioner's criminal proceedings that the U.S. Probation Office
7  did, in fact, calculate a total offense level of 21 with a corresponding sentencing guideline range of 37
8  to 46 months. (*See* CR02-443MJP, Dkt. No. 368 at 2.) On September 15, 2003, petitioner appeared
9  for sentencing before the Honorable Barbara Jacobs Rothstein, United States District Judge. (*Id*., Dkt.
10 No. 377.) The transcript of petitioner's sentencing hearing reflects that Judge Rothstein adopted the
11 guideline calculations of the U.S. Probation Office, but rejected the recommendation of the parties that
12 petitioner be sentenced at the low end of the agreed upon guideline range. (*Id*., Dkt. No. 539 at 5-6.)
13 Judge Rothstein proceeded to sentence petitioner to 46 months, the top end of the guideline range.
14 (*See id*., Dkt. Nos. 377, 378 and 539.)

15 Petitioner did not file a direct appeal. He now seeks relief from his sentence under § 2255.
16 Petitioner asserts in his § 2255 motion that his sentence is unconstitutional because he received
17 enhancements to his sentence without having the issues decided by a jury.

18 The government correctly notes in its answer to petitioner's motion that petitioner has
19 essentially presented a *Blakely* challenge to his sentence. The government then proceeds to argue that
20 petitioner's motion should be denied because (1) the United States Supreme Court's decision in
21 *Blakely v. Washington*, 124 S.Ct. 2531 (2004), does not apply retroactively to cases on collateral
22 review, and, (2) even if retroactive, *Blakely* affords petitioner no relief because petitioner admitted the
23 facts which provided the basis for the adjustments, and stipulated to the applicability of the
24 adjustments in his plea agreement.

25
REPORT AND RECOMMENDATION
26 PAGE - 2

## DISCUSSION

On June 24, 2004, the Supreme Court issued its opinion in *Blakely*. In *Blakely*, the Supreme Court addressed a provision of the Washington Sentence Reform Act which permitted a judge to impose a sentence above the statutory range upon finding, by a preponderance of the evidence, certain aggravating factors which justified the departure. *Id.* at 2535. The trial court relied upon this provision to impose an exceptional sentence which exceeded the top end of the standard range by 37 months. *Id*. The Supreme Court held that this exceptional sentence violated the Sixth Amendment because the facts supporting the exceptional sentence were neither admitted by petitioner nor found by a jury. The Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id*. at 2537 (emphasis in original).

While petitioner's § 2255 motion was pending, the Supreme Court issued its ruling in *United States v. Booker*, 125 S.Ct. 738 (2005). In *Booker*, the Supreme Court addressed *Blakely* in the context of the Federal Sentencing Guidelines and concluded that the Sixth Amendment, as construed in *Blakely*, does in fact apply to the Federal Sentencing Guidelines. *Id*. at 745. The Supreme Court remedied the Sixth Amendment problem by excising the provision of the Sentencing Reform Act which made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus rendering the guidelines effectively advisory. *Id*. at 764-5.

The question this Court must address is whether the rights recognized in *Blakely*, and now in *Booker*, apply retroactively on collateral review. The Supreme Court did not address the retroactivity question in either *Blakely* or *Booker*.[1] However, the Supreme Court's recent decision in *Schriro v.*

---

[1] The Court notes that the Ninth Circuit has yet to address this issue directly. In *United States v. Ameline*, 400 F.3d 646 (9th Cir. 2005), the Ninth Circuit concluded that *Booker*, and therefore *Blakely*, applies to criminal cases pending on direct appeal at the time the *Booker* decision was rendered. *Ameline*, 400 F.3d at 649-50 2005. And, in *Cook v. United States*, 386 F.3d 949 (9th Cir.

REPORT AND RECOMMENDATION
PAGE - 3

*Summerlin*, 124 S.Ct. 2519 (2004), is essentially dispositive of the retroactivity question. In *Schriro*, the Supreme Court held that its decision in *Ring v. Arizona*, 536 U.S. 584 (2002), which, like *Blakely* and *Booker*, applied *Apprendi* principles, is not retroactive on collateral review. *Schriro*, 124 S.Ct. at 2526-27.

In *Ring*, the Supreme Court had held, in reliance on *Apprendi*, that the Sixth Amendment gave a defendant the right to a jury determination of all aggravating factors which may lead to the imposition of the death penalty. *Ring*, 536 U.S. at 609. In *Schriro*, the Supreme Court analyzed the rule set forth in *Ring* under *Teague v. Lane*, 489 U.S. 288 (1989), to determine if the rule applied retroactively to cases already final on direct review. The Supreme Court concluded that *Ring's* holding was properly classified as procedural because it did not alter the range of conduct that Arizona law subjected to the death penalty. Instead, "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment." *Schriro*, 124 S.Ct. 2523. The Supreme Court went on to state that "[r]ules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Id*.

There is no meaningful distinction between the type of constitutional rule announced in *Ring* and the type of constitutional rule announced in *Blakely* and *Booker*. Accordingly, *Blakely* and *Booker* should be treated as procedural decisions for purposes of retroactivity analysis.

New constitutional rules of criminal procedure generally do not apply retroactively to cases on collateral review. However, retroactive effect is given to a small set of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro*, 124 S.Ct. at 2524 (quotation marks and citations omitted). In *Schriro*, the Court acknowledged that "[t]he

---

2004), the Ninth Circuit concluded that *Blakely* does not apply retroactively to second or successive § 2255 motions. However, the Ninth Circuit has not yet spoken on the issue of whether *Blakely* or *Booker* apply retroactively to cases on initial collateral review.

REPORT AND RECOMMENDATION
PAGE - 4

right to jury trial is fundamental to our system of criminal procedure," but concluded that judicial factfinding does not seriously diminish the accuracy of criminal proceedings. *Id*. at 2526. Thus, the Court held that the constitutional rule announced in *Ring* did not constitute a "watershed rule of criminal procedure" to be applied retroactively to cases already final on direct review. *Id*. Based upon the Supreme Court's reasoning in *Schriro*, this Court concludes that the constitutional rule announced in *Blakely*, and more recently in *Booker*, does not constitute a "watershed rule of criminal procedure" and therefore does not apply retroactively on collateral review. *See Schriro*, 124 S. Ct. at 2526-27. The Court notes that this conclusion is consistent with the conclusions reached by the Seventh and Eleventh circuits on this issue. *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005).

As this Court concludes that *Booker* does not apply retroactively to § 2255 cases on initial collateral review, petitioner's § 2255 motion must be denied. A proposed order accompanies this Report and Recommendation.

DATED this   12   day of April, 2005.

*[signature]*

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5